**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35128**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 61** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 27, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **PAUL LAWRENCE ROGERS, JR.,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order of termination from drug court program and imposition and execution of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

_____

PER CURIAM

Paul Lawrence Rogers, Jr. appeals from the district court's order terminating him from the Ada County Drug Court Program. He asserts that one of the seventeen rules violations found by the district court was not supported by substantial evidence and that the district court's decision to terminate him from the program was an abuse of discretion. We affirm.

Rogers pled guilty to possession of methamphetamine in February 2004 and was allowed to enroll in the Ada County Drug Court Program. The district court first terminated Rogers from the program in July 2004. That order was reversed on appeal because Rogers was not afforded procedural due process in the termination proceedings. *See State v. Rogers*, 144 Idaho 738, 170 P.3d 881 (2007). On remand, Rogers was given formal written notice of twenty alleged

1

violations of the terms of the program and was afforded all additional process due him, including disclosure of the evidence against him, the opportunity to present witnesses, and the opportunity to confront and cross-examine adverse witnesses.

Participation in the Ada County Drug Court Program requires a defendant to first plead guilty to the substantive offense. In *Rogers*, our Supreme Court held that because of this requirement, an Ada County Drug Court participant has a liberty interest at stake and is entitled to the same due process when facing termination from the program as that afforded probationers facing revocation of probation. *Rogers*, 144 Idaho at 740-43, 170 P.3d at 883-86. Consequently, the parties assume that the same general standards applicable to appellate review of a revocation of probation apply by analogy to review of a termination from a drug court program. We find no reason to disagree with this assumption.

We review the trial court's order terminating participation in a drug court program to determine whether the trial court erred in finding that the participant had failed to comply with the terms of the program. It is within the trial court's discretion to terminate participation in a drug court program if any of the terms and conditions of the program have been violated. The trial court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding.

After a hearing, the state withdrew two of the twenty alleged violations and the district court found that a third had not been proved. However, the district court found that the state had sustained its burden of proving the remaining seventeen violations. In this appeal, Rogers first asserts that one of the seventeen rules violations found by the district court, namely soliciting female drug court participants to work in his proposed adult entertainment business, was not supported by substantial evidence. We conclude that we need not address the correctness of this individual finding in light of the sixteen remaining proven and unchallenged violations.

The district court found that Rogers had violated the terms of the program by failing to attend the initial orientation, by failing to contact his mentor, by failing to pay his program fees, by failing to inform a physician that he was a drug addict when obtaining prescription medication, by failing to attend group counseling (three times), by failing to supply a sample for urinalysis, by failing to report for a urinalysis (three times), and by using methamphetamine (four times). Based upon these findings, the district court concluded that the program was not successful with regard to Rogers and that his participation should be terminated. Rogers does

2

not contest these findings.  In light of Rogers' poor performance while enrolled in the program, we find no abuse of discretion in the district court's decision to terminate his participation in it.

The district court's order terminating Rogers from the Ada County Drug Court Program and imposing and executing sentence is affirmed.